UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TYRONE SMITH, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:05-CV-689 TLS |
| BRUCE JORDAN, | ) ) ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Tyrone Smith, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, dealing with loss of earned credit time in a prison disciplinary hearing. On February 28, 2005, Correctional Officer Robert Mackel prepared a conduct report charging Mr. Smith with accepting money from fellow inmate Jason Derry through a third person. This charge was based on an intercepted telephone conversation in which Derry instructed a woman to use the name Teresa Smith and deposit $150.00 in Mr. Smith's account. Within a few days, a person identifying herself as Teresa Smith deposited $150.00 in Mr. Smith's account.

At the hearing, on March 4, 2005, Mr. Smith stated that his "sister, T. Smith, subcontracted a job for Derry a couple of years ago, he supposedly owed my sister some money." (Respondent's exhibit F). He also submitted a written statement from Derry in which Derry stated that he "was going to pay a balance to Mr. Smith in which was for a small job I had subcontracted to Theresa Smith," but that "this transaction never occurred." (Respondent's Exhibit D). The disciplinary board found Mr. Smith guilty and sanctioned him with a loss of one hundred and twenty days of earned credit. He unsuccessfully appealed to the facility superintendent and the final reviewing authority.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1)

advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Smith asserts that there was insufficient evidence to find him guilty of accepting money from Derry through a third person. But the amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." *Hill*, 472 U.S. at 455. This standard "does not require evidence that logically precludes any conclusion but the disciplinary board." *Id.* at 457. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id*. at 457. The conduct report alone is sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The disciplinary board relied on not only the intercepted conversation between Derry and his friend and the subsequent deposit of money in Mr. Smith's account, but also on Mr. Smith's statement at the hearing that his sister and Derry had made some sort of financial arrangement. This evidence is more than sufficient to support the disciplinary board's finding of guilt.

Mr. Smith also asserts that he did not receive adequate notice of the charges against him. According to Mr. Smith, Officer Mackel charged him with a violation of code #234 of the Department's of Correction disciplinary policy. The version of the policy used by Officer Mackel had apparently been superceded by a newer policy in which that charge had been changed to code #233. Mr. Smith asserts that the error was not corrected until the hearing. But the screening report (Respondent's Exhibit B) establishes that on February 28, 2005, more than twenty-four hours before

2

the hearing, the screening officer advised Mr. Smith of the correct code number.

*Wolff v. McDonnell* guarantees prisoners advance written notice of the charges against them. The record of the disciplinary hearing submitted by the respondent establishes that the conduct report and the screening report sufficiently notified Mr. Smith of the charges against him.

The purpose of the notice requirement is to inform the prisoner of the factual circumstances supporting the charge against him and provide him a chance to prepare a defense. While the conduct report contained an incorrect code number, it also advised Mr. Smith that he was being charged with obtaining money from Derry, a fellow inmate, and provided him with the facts supporting the charge. Moreover, the screening report, a copy of which was given to Mr. Smith, corrected the clerical error by providing him with the correct disciplinary code number.

The conduct report and the screening report provided Mr. Smith with sufficient information with which to prepare a defense. Indeed, at the hearing, Mr. Smith stated "I'm prepared," (Respondent's exhibit F), and he presented a defense to the charges against him. Nothing in Mr. Smith's submissions suggests that he was not actually aware of what he was being charged with or that he could have presented a better defense absent Officer Mackel's clerical error.

Mr. Smith asserts that the disciplinary board "failed to view the facts favorable to the petitioner," (Petition at p. 4), and that the board members who reviewed the evidence were not the same members who determined his guilt. The respondent's submissions establish that one of the original board members recused herself, apparently at Mr. Smith's request. But the respondent's submissions also establish that her replacement arrived before the board reviewed the evidence, and that all of the evidence submitted by the petitioner, including Derry's statement, was before the board when it deliberated. Nothing in this procedure violated the Fourteenth Amendment's due process clause.

For the foregoing reasons, the court the court DENIES this petition.

SO ORDERED on July 17, 2006.

     /s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT